[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Christopher Maxwell, asserts in his single assignment of error that the trial court's imposition of consecutive maximum sentences for his convictions of robbery, a third-degree felony in violation of R.C. 2911.02(A)(3), and assault on a police officer, a fourth-degree felony in violation of R.C. 2903.13(A)(1), was contrary to law. We disagree.
Maxwell and an accomplice shoplifted over $1,000 worth of Tommy Hilfiger clothing from a department store. The two were detected and fled from the store, chased by two deputy sheriffs and a loss-prevention officer. Maxwell elbowed one of the deputies in the mouth when the deputy tried to subdue him. When Maxwell and his cohort jumped into a waiting getaway car driven by a female accomplice, the deputy reached into the vehicle as it started to pull away. The strap of the deputy's two-radio caught on the safety belt, which caused him to be dragged as the vehicle moved off. Although the deputy shouted for the driver to stop the vehicle, she did not. The deputy was in the process of removing his service revolver from his holster when a sudden left turn by the vehicle, made at an excessive speed, threw him free. The deputy had been dragged a distance of approximately twenty-five yards. Fortunately, the deputy did not sustain serious injury.
Maxwell was under community control at the time of the offenses. Additionally, he had previously served a prison term and had an outstanding warrant for domestic violence. His criminal record was extremely lengthy and included such offenses as resisting arrest, possession of drugs, leaving the scene of an accident, operating a vehicle under the influence, receiving stolen property, contempt of court, failure to pay a fine, trafficking in a controlled substance, criminal trespass, possession of marijuana, possession of drug paraphernalia, shoplifting, operating a vehicle without a driver's license, drug abuse, obstructing official business, and presenting a false name.
Although not disputing that the trial court made the necessary statutory findings to impose a maximum sentence, Maxwell disagrees fundamentally with the trial court's conclusion that the robbery constituted the worst form of the offense. Maxwell argues that the offense was nothing more than "a shoplifting gone bad." Such an argument is derisible. Shoplifting does not start out well and then go bad. Shoplifting is bad. This particular shoplifting got worse when Maxwell decided not to surrender when caught, but instead chose to elbow in the mouth a police officer who had the effrontery to try to stop him. The shoplifting then worsened further still, achieving a "worst-form" status, when Maxwell's refusal to surrender led to the same police officer being dragged helplessly alongside a rapidly accelerating vehicle, endangering the officer's life.
As for the imposition of consecutive sentences, again Maxwell does not contend that the trial court failed to make the necessary statutory findings. His sole argument is that the public could have been adequately protected from his criminal conduct by the imposition of community control at a "lock-down" drug-treatment program. We agree with the trial court, however, that consecutive sentences were justified under the statutory factors set forth in R.C. 2929.14(E). As the trial court noted, Maxwell had a lengthy criminal past, continued to commit crimes while under community control, and was clearly a public risk to commit future crimes. Consecutive sentences were clearly not disproportionate under the circumstance of this case.
In sum, we hold that the trial court's imposition of consecutive maximum sentences was not contrary to law. According, Maxwell's assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., SUNDERMANN and WINKLER. JJ.